BRADLEY, Judge.
This is a divorce case.
Dan and Mildred Henry were married in 1955 and lived together as husband and wife until March 19, 1980. There were three children born of the marriage, namely, Reginald, Ronald, and Rachel. Reginald and Ronald both had reached their majority at the time this action was instituted. Rachel was age eighteen.
The final breakdown in the marriage resulted from the daughter, Rachel, giving birth to an illegitimate child. The evidence showed that neither the husband nor the wife knew of the daughter’s pregnancy until she went to the hospital. As a result of the child’s birth, several fights took place between the parties. The wife moved out of the marital home and filed for divorce.
In her petition she alleged numerous grounds for divorce. On September 29, 1980 a divorce was granted on the ground of incompatibility. A motion for new trial was later granted. A new trial was held, and a final decree was entered on April 24, 1981. The husband again moved for a new trial, but the motion was denied. As a result, the husband appeals to this court.
The only issue presented is whether the property settlement and alimony award constitute a palpable abuse of discretion. We find no abuse of discretion and affirm the judgment.
In the property settlement the wife was awarded the marital home valued at approximately $40,000. The husband was awarded savings bonds worth $37,000. He also received title to his car, as well as a substantial part of the household furnishings. The wife was to be beneficiary of the husband’s federal group life insurance with a value of $20,000. The husband had another policy of $10,000 over which he retained control. Finally, the wife was awarded periodic alimony of $150.00 bi-weekly ($3,900 per year).
The testimony showed that the husband is employed by the United States Postal Service and is also a sergeant in the Air National Guard. He earns approximately $22,000 a year. The wife has worked only three days during the marriage. Otherwise she has stayed home to care for her home and children.
Division of property and the award of alimony are within the sound discretion of the trial court and will not be overturned on appeal except for palpable abuse of that discretion. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980).
The only major assets in this case were the house and savings bonds. The wife got the home and the husband got the savings bonds. They were fairly equal in value. The wife has never worked and obviously needs a place to live. The husband, on the other hand, has a good job. Clearly, awarding one the house and the other savings bonds was not an abuse of discretion.
The same holds true for the life insurance. The wife was made beneficiary of a $20,000 policy. The husband had another $10,000 policy. This again was within the discretion of the trial court and we can find no abuse.
*799 Finally, the husband argues that the trial court abused its discretion in awarding the wife alimony. As noted above, the award of alimony is discretionary with the trial court and such an award will not be set aside on appeal except for a palpable abuse of that discretion. Mack v. Mack, supra. In determining whether to award alimony the trial court should consider the age, health, earning prospects, and length of marriage of the parties and their conduct relative to the cause of divorce. Boyd v. Boyd, 890 So.2d 644 (Ala.Civ.App.1980). In the present case the wife is forty-six years old and has never held a regular job. the husband is employed by the United States Postal Service and the Alabama Air National Guard; and, the parties were married for twenty-five years. Based on the evidence we find that the trial court did not abuse its discretion in awarding the wife periodic alimony.
The husband contends, however, that the wife’s conduct caused the divorce and she should not be awarded any periodic alimony. The conduct of the wife which caused the separation, says the husband, was her failure to discover and inform him of the pregnancy of their eighteen year old daughter who lived in the same house with them. We consider such argument to be without merit, especially in view of the fact that the husband lived in the same house with his daughter and had as much opportunity to discover her pregnancy as did the wife.
The wife has requested an award of attorney’s fees for this appeal. Her petition is granted and we award her $500.00 as a reasonable attorney’s fee.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.